UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT W. TRACY AND CHERRI R. TRACY | CIVIL ACTION |
| VERSUS | NO: 08-4982 |
| SCHINDLER ELEVATOR CORPORATION, RIVERGATE DEVELOPMENT CORPORATION, GREGORY ARMOND, AND JOHN SMITH | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to remand of Scott W. Tracy and Cherri R. Tracy is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #5.)

### I. BACKGROUND

On May 1, 2008, Scott W. Tracy was injured while using an elevator that malfunctioned at Harrah's New Orleans Casino. The elevator was maintained under a contract between Jazz Casino Company, L.L.C. d/b/a Harrah's New Orleans Casino (Harrah's) and Schindler Elevator Corporation (Schindler).

Scott and Cherri Tracy filed a petition for damages in Civil District Court for the Parish of Orleans against Schindler; Rivergate Development Corporation, the owner of the land that

Harrah's occupies; Gregory Armond, a maintenance technician employed by Schindler and assigned to Harrah's; and John Smith, a fictional defendant, alleging claims of negligence in failing to maintain or repair the elevator and loss of consortium.

Schindler removed the case to federal court on grounds that diversity jurisdiction exists because Rivergate, Armond, and Smith are improperly joined as defendants. The plaintiffs filed a motion to remand the case to state court.

**II. DISCUSSION**

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. A court may predict whether the plaintiff has a reasonable basis of recovery

under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint state a claim under state law against the in-state defendant." Id. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id. In cases in which the plaintiff has stated a claim, "but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.

**B. Improper joinder of non-diverse party**

Schindler argues that there is complete diversity because Armond, a resident of Louisiana, is improperly joined. The plaintiffs contend that Schindler cannot carry its burden of showing that Armond is improperly joined.

In Canter v. Koehring Co., 283 So.2d 716, 722 (La. 1973), the Supreme Court of Louisiana stated as follows:

> The failure to act as required by the employment duty may deprive the third person of a protection owed him by the principal or employer, and such risk of harm because of the breach may have been reasonably foreseeable. Thus, the breach of the duty imposed by the employment or agency relationship may, under general tort principles, be actionable negligence because of the creation or maintenance thereby of an undue risk of harm to others.

An employee is liable to a third person damaged by reason of the breach of an employment-imposed duty under the following circumstances:

> 1) The principal or employer owes a duty of care to the third person, . . . breach of which has caused the damage for which recover is sought.
> 2) This duty is delegated by the principal or employer to the defendant.
> 3) The defendant . . . employee has breached this duty through personal fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar

3

> circumstances–whether such failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
> 4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the . . . employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.

Id. at 721.

The plaintiffs allege in the complaint that Schindler owes a duty of care to maintain the elevator and that the breach of that duty caused Scott Tracy's injury. The plaintiffs further allege that the duty was delegated by Schindler to Armond, the employee who maintained the Harrah's elevator. Armond states in his affidavit that he performed inspections, preventative maintenance and periodic repairs. There is no contention that his duties were merely administrative or that he delegated the duties to a subordinate.

Accordingly, Schindler has not demonstrated that there is no possibility of recovery by the plaintiffs in a cause of action for negligence against Armond, an in-state defendant.[1] The court lacks jurisdiction, the plaintiffs' motion to remand is granted, and the case is remanded to state court.

New Orleans, Louisiana, this __3rd__ day of March, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because of the disposition as to Armond, the court need not address Schindler's argument that Rivergate and Smith are improperly joined.